# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLA CHILDS, as Special Administrator of the Estate of Ethel Kirk, and on behalf of Herself and Others Similarly Situated,<br><br>               Plaintiff,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY and STERLING HEALTH SERVICES, L.L.C.,<br><br>               Defendants. | Case No. CIV-09-978-M |

## ORDER

Before the Court is Defendant, Unified Life Insurance Company's ("Unified") Second Motion to Dismiss and Motion to Transfer in the Alternative and Brief in Support [docket no. 22]. On December 21, 2009, plaintiff filed her response, and on December 28, 2009, defendant Unified filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff is the daughter of Ms. Kirk, who resided in Broken Arrow Nursing Home in Broken Arrow, Oklahoma, before she died at age 91 on May 30, 2009. She filed this class action litigation alleging that defendant diverted funds from aged nursing home residents receiving Medicaid assistance under the hospices of providing them dental insurance and bringing claims for unjust enrichment/restitution, conversion and violation of the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, § 761.1(a). Defendant Unified now moves to dismiss and/or transfer the litigation.

In its motion, defendant Unified requests the Court, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Northern District of Oklahoma. Section 1404(a) provides:

1

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)). Section 1404(a) is intended to "place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted). As the moving party, defendant Unified bears the burden of proving that (1) the action could have been brought in the alternate forum, (2) the existing forum is inconvenient, and (3) the interests of justice are better served in the alternate forum. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

Having reviewed the parties' submissions, the Court finds that defendant Unified has met its burden in establishing that transfer is warranted in this case. While plaintiff's choice of forum is given considerable weight, the Court finds the case has little significant connection to the Western District of Oklahoma.[1] The named class representative and her mother reside in the Northern District of Oklahoma[2], and the transactions or conduct underlying the cause of action occurred in

---

[1] The sole party with any meaningful connection to the Western District of Oklahoma was defendant Sterling Health Services, L.L.C. ("Sterling"), which is based in Oklahoma City. The parties, however, stipulated to the dismissal of defendant Sterling. Now, other than the fact that plaintiff's counsel resides in this district, this litigation has no significant connection to the Western District of Oklahoma.

[2] The fact that plaintiff is a resident of the transferee district can be an important factor weighing in favor of transfer. *See Adler v. Am. Standard Corp.*, 478 F. Supp. 8, 9 (S.D.N.Y. 1979); *Morganstern v. Marriott Hot Shoppe, Inc.*, 270 F. Supp. 75, 76 (D.C. Md. 1967); *Johnson v. Smith*

that district. In the Complaint, plaintiff alleges that Ms. Kirk made application, purchased and was covered by her dental insurance policy while a resident of the Broken Arrow Nursing Home. Plaintiff also alleges that Ms. Kirk's dental insurance policy was invoiced to her residence in Tulsa, and that she received all dental services under the policy at the Broken Arrow Nursing Home. The Court finds that the place in which significant contacts between the parties occurred is in the Northern District of Oklahoma.

As defendant Unified would be subject to personal jurisdiction in the Northern District of Oklahoma, the Court further finds that the present action might very well have been brought in that district. As for the convenience of the parties and witnesses, it appears that all witnesses to the complained transaction between the parties and Broken Arrow Nursing Home reside in the Northern District of Oklahoma. Defendant Unified's principal offices are located in Overland Park, Kansas. Tulsa, the seat of the Northern District of Oklahoma, is located approximately 100 miles closer to Overland, Kansas. The Court, therefore, finds that the named parties have a closer proximity to the Northern District of Oklahoma, making the travel cost for attendance of witnesses in that forum significantly less expensive than if the case were to be tried in the present district.

Plaintiff contends that the putative class members reside all over the state of Oklahoma such that the case should be tried here. It is well-settled, however, that in such situations, courts look to the allegations pertaining to the named class representative. 7A Fed. Prac. & Proc. Civ. § 1757 (3d ed. 2009). Because the operative facts of plaintiff's cause of action all occurred in the Northern District of Oklahoma, the Court, for the convenience of the parties, finds that the interest of justice are better served in the Northern District of Oklahoma.

---

*Meal Co.*, 160 F. Supp. 208 (E.D.N.Y. 1958).

Accordingly, the Court GRANTS the instant motion and TRANSFERS this action to the United States District Court for the Northern District of Oklahoma.

**IT IS SO ORDERED this 13th day of January, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE