IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Carla Childs, as Special Administrator** ) <br> **of the Estate of Ethel Kirk, and** ) <br> **on behalf of Herself and** ) <br> **Others Similarly Situated,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **Unified Life Insurance Company, and** ) <br> **MobileCare 2U, LLC** ) <br> ) <br> Defendant. ) | Case No. 10-CV-23-PJC |

### **ORDER**

On June 15, 2012 the parties to this action filed a Joint Motion for Final Class Certification and Approval of Settlement Based on Second Amendment to Settlement Agreement ("the Joint Motion"). Doc. 157. The focal point of the Joint Motion is the Court-Required Amended Plan of Notice, attached as Exhibit "I" to the Joint Motion. In its May 21, 2012 Opinion and Order, Doc. 154, and during a May 29, 2012 telephonic hearing, the Court expressed several concerns about how the notice of settlement had previously been sent to certain Class Members, and also made several suggestions as to how its concerns could be potentially be allayed. Having now reviewed the Court-Required Amended Plan of Notice, and discussing it with counsel for the parties during a brief June 19, 2012 telephonic hearing, the Court finds it is appropriate and accepts it.

The Court, in particular, finds the Court-Required Amended Plan of Notice comports with Rule 23(c)'s "best notice that is practicable" standard and also satisfies all federal due process requirements. The Court also approves of the form and content of the Amended

Delivered or Mailed Notice attached as Exhibit "J" to the Second Written Amendment to Settlement Agreement, and further approves of the method of its delivery described in the Court-Required Amended Plan of Notice.  It is **ORDERED** that the parties and Claims Administrator execute the Amended Plan of Notice in a manner consistent with its contents, and adhering to all deadlines set forth therein.

The Court further finds that Class Members who previously received notice, but which will not be re-noticed under the Court-Required Amended Plan of Notice, have previously received notice of settlement that is appropriate, and which satisfies both Rule 23(c) and due process.

The Court, consistent with its prior observations about the settlement, additionally finds the settlement, as reflected in the Original Settlement Agreement and all subsequent amendments thereto, is fair, adequate, reasonable, and satisfies each of the Tenth Circuit's four settlement-approval factors.  *See e.g. Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).  Similarly, the Court finds Class Counsel's twenty-five percent (25%) common fund attorney fee is appropriate in the circumstances and in light of the so-called *Johnson* factors. *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995).  Finally, Class Counsel's reimbursed expenses and Ms. Childs's incentive award are appropriate.

The foregoing findings regarding the settlement, fees, expenses and the incentive award are preliminary and will remain such pending the Court conducting a final fairness hearing in this matter.  At the final fairness hearing the Court will, among other things, entertain objections to the settlement, if any, that the Class Members noticed under the Court-Required Amended Plan of Notice may have.  The Court will strictly enforce the deadline to submit objection papers contained in the Amended Delivered or Mailed Notice.

A final fairness hearing is set for **10:00 a.m. on Wednesday, August 15, 2012**, Courtroom #1, Third Floor, U.S. Courthouse, 333 W. Fourth, Tulsa, Oklahoma.

**IT IS SO ORDERED** this 20th day of June, 2012.

_____
Paul J. Cleary
United States Magistrate Judge